**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4714**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DELFON LEBREW HARE,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Roger  W.  Titus, District  Judge.
(8:07-cr-00189-RWT-1)

─────────────

Submitted:  March 10, 2009          Decided:  March 26, 2009

─────────────

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Timothy J. Sullivan, BRENNAN SULLIVAN & MCKENNA, LLP, Greenbelt,
Maryland, for Appellant. Deborah A. Johnston, Assistant United
States Attorney, Greenbelt, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delfon Lebrew Hare pleaded guilty pursuant to a written plea agreement to two counts of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a) (2006). Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). On appeal, Hare contends that the district court erred in denying his motion to withdraw his guilty plea. Finding no error, we affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). Once the district court has accepted a defendant's guilty plea, the defendant bears the burden of showing a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

In deciding whether to permit a defendant to withdraw his guilty plea, a district court should consider:

(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The first, second, and fourth of the Moore factors carry the most weight in these considerations, as they concern whether the defendant has a good reason to "upset settled systemic expectations." United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995). However, an appropriately conducted Fed. R. Crim. P. 11 proceeding "raise[s] a strong presumption that the plea is final and binding," Lambey, 974 F.2d at 1394, as statements made during a plea hearing "carry a strong presumption of verity," Blackledge v. Allison, 431 U.S. 63, 74 (1977). Thus, "a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." Bowman, 348 F.3d at 414.

In reviewing the Moore factors and the district court's articulated reasons for denying Hare's motion to withdraw, we conclude that the court did not abuse its discretion in its denial. The record discloses that the district court's Rule 11 colloquy was extensive, and Hare does

3

not contend on appeal that the court improperly conducted the proceeding or that it was deficient in any particular respect. Accordingly, the guilty plea is afforded a strong presumption of validity. The district court, however, appropriately focused on the fourth Moore factor as Hare's main contention was that, but for counsel's deficient performance of pressuring him to plead guilty and asserting he may receive a life sentence by going to trial, he would not have entered a guilty plea.

To show a fair and just reason to withdraw a plea based on ineffective assistance of counsel, a defendant must demonstrate: "(1) that his counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced in the sense that there was a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." Lambey, 974 F.2d at 1394 (internal quotation marks, alterations and citation omitted). Here, Hare fails to demonstrate counsel's performance fell below an objective standard of reasonableness. In particular, counsel's advice regarding Hare's potential sentence was correct.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Hare's conviction and sentence. This court requires that counsel inform Hare, in writing, of the right to

4

petition the Supreme Court of the United States for further review. If Hare requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hare.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED